UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID SOLIZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-CV-03888 |
| | § | |
| PHH MORTGAGE CORPORATION and OCWEN LOAN SERVICING, LLC, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| MARIO GONZALEZ and TERESA UYOA, | § | |
| | § | |
| Intervenors. | § | |

## MEMORANDUM OPINION AND ORDER

In this mortgage dispute, Plaintiff David Soliz seeks to prevent foreclosure despite making no payments since 2016 and providing no evidence for any of his claims. Defendant PHH Mortgage Corporation ("PHH"), Soliz's current mortgage servicer, moves for summary judgment on all claims, arguing that all of Soliz's claims fails as a matter of fact, law, or both. (Dkt. No. 24).

After careful review of the filings, the record, and the applicable law, the Court **GRANTS** PPH's Motion.

I.  **BACKGROUND**[1]

Nearly two decades ago, Soliz and his then-spouse obtained a $162,000 loan from Ameriquest Mortgage Company to buy a house in Houston, Texas. (Dkt. No. 24-2 at 3, 7–10). A deed of trust secured the loan. (*Id.* at 12–32). Through a series of assignments, PHH became Soliz's mortgage servicer. (*Id.* at 3).

Soliz defaulted. (*Id.*). In early 2016, PHH approved Soliz for a trial loan-modification plan requiring three payments of $1,058.60 over the next three months. (*Id.*). Soliz didn't return the signed agreement or make the required payments. (*Id.*).

Three years later, PHH notified Soliz of its intention to foreclose. (*Id.* at 4). After Soliz failed to cure the default, PHH accelerated the loan and scheduled a foreclosure sale. (*Id.*). PHH later canceled the sale after agreeing to review the loan for further loss-mitigation options. (*Id.*).

PHH ultimately offered Soliz another loan-modification agreement requiring signatures from both Soliz and his spouse. (*Id.*). Soliz signed the agreement "under complete protest," but his spouse did not sign it. (*Id.*). PHH declined to countersign the agreement and sent Soliz a loan-modification-ineligibility letter. (*Id.*).

Soliz sued PHH in state court. (Dkt. No. 1-1). Soliz alleges that he applied for several loan modifications after experiencing financial hardships in 2016. (*Id.* at 7–8). According to Soliz, PHH promised to review his loan-modification applications and hold

---

[1] Except where noted, this Section contains only undisputed facts, and all facts and reasonable inferences have been construed in favor of the nonmovant. *Renfroe v. Parker*, 974 F.3d 594, 599 (5th Cir. 2020). The Court has not weighed evidence or made credibility findings. *Id.*

off on foreclosure until the review was completed. (*Id.* at 8–9). PHH allegedly declined Soliz's loan-modification request without explanation. (*Id.*). Soliz further contends that PHH unilaterally rescinded a settlement agreement requiring him to pay $69,000 as a lump-sum payment after he had accepted the offer and submitted proof of funds. (*Id.*). Soliz also disputes PHH's right to foreclose, alleging that his mortgage note is void and was not properly assigned. (*Id.* at 9–12). Finally, Soliz alleges that PHH prepared fraudulent foreclosure documents and charged unauthorized inspection fees. (*Id.*). Based on these allegations, Soliz seeks a declaratory judgment on several issues and asserts claims for breach of contract, violations of the federal Real Estate Settlement Procedures Act ("RESPA") and the Texas Debt Collection Act ("TDCA"), and to quiet title. (*Id.* at 10–16).

PHH removed the case based on federal-question jurisdiction, citing Soliz's RESPA claim. (Dkt. No. 1 at 4).[2] During discovery, PHH served requests for admissions on Soliz, which went unanswered. (Dkt. No. 24-4). Those requests are thus deemed admitted. Fed. R. Civ. P. 36(a)(3).

PHH now moves for summary judgment. (Dkt. No. 24). PHH presents detailed arguments supported by documentary evidence that each of Soliz's claims fails as a matter of fact, law, or both. Soliz's Response consists entirely of cursory assertions

---

[2] Two individuals, Mario Gonzalez and Teresa Uyoa, intervened while this case was in state court, (Dkt. No. 24 at 9), alleging that they contracted with Soliz to buy his house, (Dkt. No. 1-1 at 23). Soliz never brought any counterclaims against the intervenors. (Dkt. No. 34 at 2). The intervenors did not obtain counsel who was admitted to practice in the Southern District of Texas, (Dkt. No. 7 at 1), and have never appeared or otherwise prosecuted their claim against Soliz, (Dkt. No. 34 at 2).

without a single citation to legal authority. (Dkt. No. 27). Soliz has not submitted any affidavits, loan documents, correspondence, or other evidence to support his allegations against PHH. (*Id.*). His Response fails to identify specific contractual provisions allegedly breached, does not address his deemed admissions resulting from unanswered discovery requests, and provides no factual basis for his claimed damages. (*Id.* at 1–5). PHH replied, highlighting these deficiencies and reiterating the grounds for summary judgment. (Dkt. No. 28).

The Court held a status conference on February 27, 2025, to address these issues. (Dkt. No. 35). Soliz did not appear.

## II.   LEGAL STANDARDS

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it could affect the suit's outcome under governing law. *Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). And "[a] dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *TIG Ins. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and identifying the record evidence that "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). "If the moving party fails to meet [its] initial burden, the

motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

If the movant meets this burden, the nonmovant must come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(c); *see also Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The nonmovant must "go beyond the pleadings and by [the nonmovant's] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Nola Spice Designs, LLC v. Haydel Enters.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)). "The nonmovant must 'identify specific evidence in the record and . . . articulate the precise manner in which that evidence supports his or her claim.'" *Carr v. Air Line Pilots Ass'n, Int'l*, 866 F.3d 597, 601 (5th Cir. 2017) (per curiam) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)), *as revised* (July 14, 2017). If evidence is merely colorable or not significantly probative, summary judgment is appropriate. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019) (citing *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2511).

In reviewing a motion for summary judgment, the district court views the evidence in the light most favorable to the nonmovant. *Carr*, 866 F.3d at 601. This means that courts must resolve factual controversies in the nonmovant's favor, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.

## III. DISCUSSION

Soliz seeks a declaratory judgment on the validity of the loan assignments and PHH's authority to foreclose. (Dkt. No. 1-1 at 10–12). He also asserts claims for breach of contract, violations of RESPA and the TDCA, and to quiet title. (*Id.* at 10–16). The Court addresses each of Soliz's claims in turn.

First, the declaratory-judgment claims fail because Soliz has no evidence of any defect in the loan assignments, and PHH has the authority to foreclose. Second, the breach-of-contract claims fail because Soliz has not identified any actionable breach or shown any resulting damages. Third, the RESPA claims fail because PHH approved Soliz's first loan-modification application, and the statute does not cover later applications. Fourth, the TDCA claims fail because Soliz has admitted that PHH doesn't qualify as a debt collector under the statute and has not engaged in any wrongful debt-collection acts. Fifth, Soliz's attempt to quiet title fails because he has not actually tendered the full amount owed. Finally, without viable substantive claims, Soliz cannot recover damages or attorney's fees.

### A. DECLARATORY-JUDGMENT CLAIMS

Soliz seeks declaratory relief regarding the validity of the loan's assignment and PHH's ability to foreclose. (*Id.* at 11–12). These claims fail.

First, Soliz's challenge to the loan assignments fails because he has no evidence challenging the assignments' validity. The record contains properly executed and recorded assignment documents transferring the loan from Ameriquest to the current holder. (Dkt. No. 24-2 at 33–42). Soliz merely asserts that the assignments were "faulty"

6

without identifying any specific defects in the transfer process, the documentation, or the legal authority of the signatories. (Dkt. No. 27 at 1–2). These bare allegations do not survive summary judgment. *See Patel v. Tex. Tech Univ.*, 941 F.3d 743, 748 (5th Cir. 2019) ("[C]onclusory allegations cannot create a genuine fact issue sufficient to defeat summary judgment." (citing *Little*, 37 F.3d at 1075)); *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) ("Conclusory allegations, speculation, and unsubstantiated assertions are not evidence."); *Prospect Energy Corp. v. Dallas Gas Partners, LP*, 761 F.Supp.2d 579, 601 n.21 (S.D. Tex. 2011) ("Conclusory allegations and unsubstantiated assertions are not evidence, no less competent summary judgment evidence." (citing *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996))).

Second, PHH is authorized to foreclose as the mortgage servicer. Texas law permits mortgage servicers to administer foreclosures on behalf of mortgagees when they have entered into an agreement granting that authority. Tex. Prop. Code § 51.0025; *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013). The evidence shows that PHH is the mortgage servicer and has the authority to foreclose. (Dkt. No. 24-2 at 3); (Dkt. No. 24-3 at 4–7); (Dkt. No. 24-4 at 17). Moreover, by not responding to requests for admission, Soliz admitted that PHH has the authority to foreclose and that he is in default on the loan. (Dkt. No. 24-4 at 17). Summary judgment is therefore proper on Soliz's declaratory-judgment claims.

### B. BREACH-OF-CONTRACT CLAIMS

As PHH notes, the basis for Soliz's breach-of-contract claims is unclear. (Dkt. No. 24 at 16). Soliz suggests that PHH breached either the deed of trust, an alleged agreement

7

to accept a $69,000 lump-sum payoff, or both. (Dkt. No. 1-1 at 8–10). In any event, these claims fail.

Under Texas law, to prevail on a breach-of-contract claim, Soliz must prove (1) the existence of a valid contract, (2) his own performance or tendered performance, (3) breach by PHH, and (4) resulting damages. *Doe v. William Marsh Rice Univ.*, 67 F.4th 702, 713 (5th Cir. 2023).

As to the deed-of-trust claim, Soliz does not identify any specific provision that PHH allegedly breached. (Dkt. No. 24 at 17); (Dkt. No. 27 at 2). His vague allegation that PHH "posted Soliz's Property for foreclosure sale despite their promise to provide a full and fair review of his application" does not specify which contractual provision was violated. (Dkt. No. 27 at 2). And Soliz has not shown any damages. He continues to reside in the property without making payments, and PHH has not foreclosed. (Dkt. No. 24-2 at 4).

As for the alleged $69,000 payoff agreement, this claim fails for three reasons. First, Soliz has not produced evidence of any written agreement, and an oral modification would be barred by the statute of frauds. *Gordon v. JP Morgan Chase Bank, N.A.*, 505 F.App'x 361, 364 (5th Cir. 2013) (per curiam); Tex. Bus. & Com. Code § 26.02. Second, through deemed admissions, Soliz admitted that he did not tender $69,000 to PHH as alleged. (Dkt. No. 24-4 at 16). Third, Soliz has not shown resulting damages. In light of the foregoing, PHH is entitled to judgment as a matter of law on Soliz's breach-of-contract claims.

## C.     RESPA CLAIMS

Soliz's RESPA claims also fail. RESPA requires mortgage servicers to evaluate complete loss-mitigation applications and notify borrowers of their decisions. 12 C.F.R. § 1024.41. But RESPA only applies to a borrower's first complete application; later applications are not covered. *Id.* § 1024.41(i); *Solis v. U.S. Bank, N.A.*, 726 F.App'x 221, 223 (5th Cir. 2018) (per curiam).

The evidence shows that PHH approved Soliz's initial loss-mitigation application in 2016, offering him a trial payment plan. (Dkt. No. 24-2 at 2–3). Because this application was approved, not denied, there is no RESPA violation. As for Soliz's 2022 loan-modification application, RESPA does not apply because it was a subsequent application. 12 C.F.R. § 1024(i); *Solis*, 726 F.App'x at 223. What's more, PHH gave Soliz reasons for his ineligibility. (Dkt. No. 24-2 at 95–100). RESPA also requires proof of actual damages, *Whittier v. Ocwen Loan Servicing, LLC*, 594 F.App'x 833, 836 (5th Cir. 2014) (per curiam); 12 U.S.C. § 2605(f), which Soliz has not supplied. Summary judgment is therefore appropriate on Soliz's RESPA claims.

## D.     TDCA CLAIMS

Soliz's claims under the TDCA likewise fail. To establish a TDCA violation, Soliz must prove that (1) the debt is a consumer debt; (2) PHH is a debt collector under the TDCA; (3) PHH committed a wrongful act in violation of the TDCA; (4) the act was committed against Soliz; and (5) Soliz was injured as a result. Tex. Fin. Code §§ 392.001–.404; *see Stacey v. Lange*, No. 4:21-CV-02340, 2022 WL 103554, at *4 (S.D. Tex. Jan. 11, 2022).

9

Through deemed admissions, Soliz acknowledged that PHH doesn't qualify as a "debt collector" under the TDCA and has not engaged in any wrongful debt-collection acts. (Dkt. No. 24 at 20); (Dkt. No. 24-4 at 17). In addition, foreclosure proceedings after default do not violate the TDCA. Tex. Fin. Code § 392.301(b)(3); *Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 831 (5th Cir. 2015). And again, Soliz has not shown any damages. *See Thomas v. Ocwen Fin. Corp.*, No. 4:19-CV-00685, 2020 WL 13413468, at *4 (S.D. Tex. Feb. 27, 2020) (holding that TDCA claims require actual damages). His TDCA claims thus fail as a matter of law.

### E. QUIET TITLE

Finally, Soliz's quiet-title claim fails because he has not tendered the full amount due on the note. Texas law requires a plaintiff in default seeking quiet-title relief to "actually tender, not just offer to tender, the full amount owed on the note." *Carter v. Bayview Loan Servicing LLC*, No. 4:18-CV-00822, 2019 WL 3254705, at *5 (S.D. Tex. June 11, 2019); *see also Cook-Bell v. Mortg. Elec. Registration Sys., Inc.*, 868 F.Supp.2d 585, 591 (N.D. Tex. 2012) ("Texas courts have made clear that 'a necessary prerequisite to the recovery of title is tender of whatever amount is owed on the note.'" (cleaned up) (quoting *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.)). The evidence shows that Soliz has not tendered the full amount owed on his mortgage. (Dkt. No. 24-2 at 4). Summary judgment is thus proper on his quiet-title claim.

### F.  DAMAGES AND ATTORNEY'S FEES

Because all of Soliz's substantive claims fail, he is not entitled to any damages or attorney's fees.  *See Douglas v. Wells Fargo Bank, N.A.*, 992 F.3d 367, 377 (5th Cir. 2021) (holding attorney's fees not available absent viable claims).

## IV.  CONCLUSION

For the reasons above, PHH's Motion for Summary Judgment, (Dkt. No. 24), is **GRANTED**.  All claims against PHH are **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

Signed on March 29, 2025.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**